IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>     Respondent,<br><br>  v.<br><br>MOHAMED, ABDIRIZAK OMAR,<br>DOB:  03/06/1990,<br><br>     Appellant. | No. 80964-4-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

PER CURIAM — Abdirizak Omar Mohamed was convicted following a bench trial of one count of criminal impersonation in the first degree, for which he was sentenced to 12 months; and one count of possession of a controlled substance in violation of RCW 69.50.4013, for which he was sentenced to 16 months.  On appeal, he contends that the possession conviction must be reversed because former RCW 69.50.4013(1) (2017), the possession statute, is either unconstitutional or implies a knowledge element that the State failed to prove beyond a reasonable doubt.

The State concedes that the possession conviction must be vacated under State v. Blake, in which our Supreme Court held former RCW 69.50.4013(1) unconstitutional and, thus, void.  197 Wn.2d 170, 195, 481 P.3d 521 (2021).  The State asserts that because Mohamed's criminal impersonation conviction was an

"unranked" offense,[1] his possession conviction had no effect on the sentence therefor, which Mohamed has completed.  Accordingly, the State argues, this court can give Mohamed no further relief than to vacate the possession conviction and dismiss that charge.  Mohamed, who has not filed a reply brief, does not argue otherwise.

We reverse Mohamed's conviction of possession of a controlled substance, and we remand to the trial court to vacate that conviction and dismiss the underlying charge.

FOR THE COURT:

_Chun, J._

_Dwyer, J._

_Appelwick, J._

---

[1] An "unranked" offense is one for which no standard sentencing range has been established and for which "the court shall impose a determinate sentence which may include not more than one year of confinement; community restitution work; a term of community custody . . . not to exceed one year; and/or other legal financial obligations."  RCW 9.94A.505(2)(b); see also State v. Vazquez, 200 Wn. App. 220, 226, 402 P.3d 276 (2017) ("The punishment for an unranked offense . . . is not governed by the sentencing tables.").